**In re Donald L. SANSEVERINO, Debtor.**

**Bankruptcy No. 94–30781.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 28, 1994.

Elizabeth A. Vaughan, Trustee, Toledo, OH.

Robert M. Reno, Sandusky, OH, for debtor.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court sua sponte upon a Motion for Hearing pursuant to Dismissal of this Case under the provision of 11 U.S.C. § 707(b). This Court has reviewed the arguments of Counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Motion for Dismissal of this case under the provision of 11 U.S.C. § 707(b) should be Granted.

### FACTS

Debtor has no dependents and is employed at Kaufmanns as a sales associate. His net monthly income is One Thousand Five Hundred Ninety-two and 00/100 Dollars ($1,592.00). Debtor's monthly expenses total One Thousand Nine Hundred Eighty-five and 00/100 Dollars ($1,985.00), leaving a deficiency of approximately Three Hundred Ninety-three and 00/100 Dollars ($393.00). Included within the monthly expenses is One Hundred Ten and 00/100 Dollars ($110.00) which is expended on recreation, clubs, entertainment, newspapers, magazines and charitable contributions. Debtor owns no real estate; claims zero (0) assets; and Nine Thousand One Hundred Ninety-three and 49/100 Dollars ($9,193.49) in debts.

On April 4, 1994, Debtor filed for relief pursuant to Chapter 7 of the Bankruptcy

Code. The Court sua sponte filed a Motion for Hearing pursuant to Dismissal of this Case under the provision of 11 U.S.C. § 707(b). The Hearing was convened on May 16, 1994. Both Attorney for Debtor and the Trustee appeared. The Court granted Debtor leave to amend his budget and income statement by May 31, 1994. Debtor filed an Amendment to the Petition on June 1, 1994. The Trustee apprised the Court after the Meeting of Creditors that Debtor will have a reduced income in 1994 however, the monthly deficiency has been reduced to Three Hundred Sixty and 58/100 ($360.58). The Trustee does not recommend that Debtor's case should be dismissed pursuant to 11 U.S.C. § 707(b).

## LAW

### 11 U.S.C. § 707

### § 707. Dismissal

(b) After notice and a hearing, the court, on it own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting or relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

## DISCUSSION

This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1334.

■ The Court, after notice and hearing, may dismiss a Chapter 7 Petition filed by a debtor with primarily consumer debt upon a finding that to grant the requested relief would be a substantial abuse. See 11 U.S.C. § 707(b). "Consumer debt" is defined under 11 U.S.C. § 101(8) as a debt incurred by an individual primarily for a personal, family, or household purpose. The debtor is said to have "primarily" consumer debt when more than one-half of the dollar amount owed is consumer debt. In re Farrell, 150 B.R. 116 (Bkrtcy.D.N.J.1992) (citing In re Kelly, 841 F.2d 908, 913 (9th Cir.1988)).

■ The meaning of "substantial abuse" is ascertained from the totality of the circumstances such as whether the debtor is seeking an advantage over creditors; whether the debtor is honest in relationships with creditors; or whether the debtor is needy such that the financial predicament warrants discharge of debts in exchange for liquidation of assets. In re Krohn, 886 F.2d 123, 126 (6th Cir.1989). Substantial abuse can be predicated upon either lack of honesty or want of need.

■ Debtor's honesty is ascertained by the good faith and candor exhibited in filing schedules and other documents; whether debtor engaged in any eve of bankruptcy purchases; and whether debtor has been forced into filing a Chapter 7 petition by unforeseen or catastrophic events. In re Krohn, supra, at 126.

■ Debtor's honesty is measured by an ability to repay debts out of future earnings. In re Krohn, supra, at 126 (citing In re Walton, 866 F.2d 981, 984–985 (8th Cir. 1989)). Other relevant factors include whether debtor is eligible for adjustment under Chapter 13 of the Bankruptcy Code; whether there are state remedies available which may potentially ease debtor's financial predicament; whether debtor has relief available through private negotiations; and whether debtor's expenses can be significantly reduced without deprivation of food, clothing, shelter and other necessities.

■ In this case, Debtor has primarily consumer debt which was incurred for individual use. Although the Trustee recommends that this case is not ripe for dismissal under 11 U.S.C. § 707(b), the Court is not convinced by the evidence that Debtor has exhibited good faith and complete candor in filing the schedules. For instance, Debtor owns no real estate yet he pays a monthly water and sewer assessment of Eighty and 00/100 Dollars ($80.00). Debtor, who has no dependents, spends Five Hundred and 00/100 Dollars ($500.00) and One Hundred and 00/100 Dollars per month on food and tele-

phone charges respectively. In the Amended Petition, Debtor claims a reduced income of Three Hundred Eighteen and 00/100 Dollars ($318.00) yet his payroll taxes and deduction for social security increased Seventy-three and 00/100 Dollars ($73.00).

From the Amended Schedules, Debtor has the ability to repay Creditors from future earnings. In this case, even though Debtor claims to have expenses which exceed his income by Three Hundred Sixty and 58/100 Dollars ($360.58), he spends One Hundred and 00/100 Dollars ($100.00) on recreational activities; gives Ten and 00/100 Dollars ($10.00) to charities; and according to his Amended Schedule, spends Thirty and 00/100 Dollars ($30.00) less per month on health insurance than he did in 1993. Projecting this amount over a period of five (5) years, Debtor could, at a minimum, complete payments into a seventy percent (70%) Chapter 13 Plan. With disposable income such as this, Debtor could easily avail himself of state court remedies such as a trusteeship or enter into private negotiations with his Creditors. Reducing Debtor's charitable and recreational accounts will in no way deprive Debtor of food, clothing, shelter or other necessities. Thus, based solely upon Debtor's circumstances and the standard of need in *Krohn*, granting relief pursuant to Chapter 7 in this case would constitute a substantial abuse.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that the Court's Motion to Dismiss under the provision of 11 U.S.C. § 707(b) be, and is hereby, **GRANTED.**